IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Willie J. Sturkey, #146039, )
a/k/a Willie Sturkey, )
a/k/a Willie Joe Sturkey, )
) C/A No. 8:08-CV-162-MBS-BHH
Petitioner, )
)
vs. ) **OPINION AND**
) **O R D E R**
Warden Eagleton, Evans Correctional )
Institution, )
)
Respondent. )
)

Petitioner Willie J. Sturkey, a/k/a Willie Sturkey, a/k/a Willie Joe Sturkey is an inmate in the custody of the South Carolina Department of Corrections. He is currently housed in the Evans Correctional Institution. Petitioner, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the state solicitor failed to adhere to certain provisions of the South Carolina Constitution and state laws when preparing the indictment in his case for common law robbery and that his counsel was ineffective. Petitioner seeks relief in the form of release from the Evans Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A. The Magistrate Judge filed a Report and Recommendation on February 20, 2008. ("Report and Recommendation.") The Magistrate Judge noted that Petitioner previously filed an application for post-conviction relief in state court but withdrew it with prejudice. The Magistrate Judge

therefore found that Petitioner had failed to exhaust his state remedies and recommended that the petition be summarily dismissed without prejudice and without issuance and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

On March 7, 2008, Petitioner filed objections to the Report and Recommendation. ("Petitioner's Objections.") Specifically, Petitioner asserts that he has exhausted his state court remedies and federal habeas review is appropriate because he was not informed of any other "viable remedy." (Petitioner's Objections at 3.) The court disagrees.

Generally, when a prisoner seeks a writ of habeas corpus pursuant to Section 2254, he is required to "'exhaust' all state court remedies before a federal district court can entertain his claims." Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997)(citing 28 U.S.C. §§ 2254(b) and (c)). In order to meet the exhaustion requirement, a petitioner must "fairly present his claim to the state's highest court." Id. at 911 (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)). However, there are two circumstances in which the exhaustion requirement is met despite failure to present claims to the state's highest court. The first is when the state unconditionally waives exhaustion. See id.

(citing Sweezy v. Garrison, 694 F.2d 331 (4th Cir. 1982)). The second circumstance occurs "when a state procedural rule would bar consideration if the claim was later presented to the state court." Id. (citations omitted).

Petitioner contends that his state court application for post-conviction relief was dismissed with prejudice. As such, Petitioner's claim has been adjudicated on the merits and any subsequent application for post-conviction relief, in state court, asserting these claims would be procedurally barred from review pursuant to S.C. Code Ann. § 17-27-90. Cf. Gamble v. State, 379 S.E.2d 118, 119 (S.C. 1989)(stating that S.C. Code Ann. § 17-27-90 and South Carolina's Supreme Court Rule 50(3) bars subsequent petitions based on claims available to or waived by an applicant in a prior action where the applicant's claims were adjudicated on the merits). Therefore, Petitioner has technically met the exhaustion requirement. See Matthews, 105 F.3d at 911.

Nevertheless, federal habeas corpus review is unavailable in this case because Petitioner's claim is procedurally barred from state court review. See George v. Angelone, 100 F.3d 353, 364 (4th Cir. 1996)(citing Gray v. Netherland, 518 U.S. 152, 162 (1996)). In addition to being barred from review pursuant to S.C. Code Ann. § 17-27-90, Petitioner's claim is procedurally barred from state appellate court review. In order to appeal a decision of the Court of Common Pleas, a party must file a notice of appeal within thirty (30) days after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(1). Petitioner's state application for post-conviction relief was dismissed almost one year ago, on May 4, 2007. As such, any attempts by Petitioner to appeal the dismissal of his claim would be procedurally barred from review by a state appellate court. See S.C. App. Ct. R. 203(d)(3).

Even when a claim is procedurally barred from state court review, federal habeas corpus

3

review may be available if a petitioner can show cause and prejudice for his default.  See George, 100 F.3d at 364.  In this case, Petitioner has not shown cause or prejudice for his default.  The only reason Petitioner asserts for withdrawing his state application for post-conviction relief was that his counsel advised him to withdraw the petition.  Withdrawal of a petition on the advice of counsel does not constitute cause.  See George, 100 F.3d at 364 (stating that to demonstrate cause, a petitioner must show "'that some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court at the appropriate time").  As such, federal habeas review is unavailable to Petitioner.  See id.

On April 10, 2008, Petitioner filed an additional petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the court construes as a motion to amend the petition.  Petitioner attacks the same state conviction and sentence challenged by the within action and asserts essentially the same facts.  Generally, a petition brought pursuant to 28 U.S.C. § 2241 is appropriate when a petitioner seeks a more general form of habeas corpus relief and applies to prisoners in state custody "who ha[ve] not yet had a state criminal judgment or sentence entered against him (i.e. a pretrial detainee)."  Martin v. Johnson, 2007 U.S. Dist. LEXIS 69593, *3 (W.D.Va. September 20, 2007)(citing Kane v. State of Virginia, 419 F.2d 1369, 1372 (4th Cir. 1970)).  In contrast, a state prisoner who seeks to challenge "the validity of his confinement under his state-imposed conviction and/or sentence must proceed under 28 U.S.C. § 2254."  Id.  Petitioner is a prisoner in state custody seeking to challenge the validity of his state conviction and sentence.  As such, Section 2241 is not the appropriate method for obtaining the federal habeas relief he seeks.  Therefore, Petitioner's motion to amend the petition (Entry 12) is denied.

After thorough review of the record, the court finds that the Petitioner's claims are

4

procedurally barred and that federal habeas review is unavailable. Accordingly, the petition is dismissed with prejudice.

**IT IS SO ORDERED.**

        s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
April 29, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

5